**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

THE MAIN STREET AMERICA GROUP and
VALLEY FORGE INSURANCE COMPANY,

Plaintiffs,

v. CASE NO: 8:09-cv-1269-T-26TGW

DELL INC., LITE-ON TECHNOLOGY
CORPORATION, PANASONIC
CORPORATION OF NORTH AMERICA,
ENERGY COMPANY OF PANASONIC
CORPORATION, and PANASONIC ENERGY
TAIWAN COMPANY, LTD.,

Defendants.
_________________________________________/

**AMENDED COMPLAINT**

Plaintiffs, Valley Forge Insurance Company and Main Street America Group, through undersigned counsel, hereby file this Amended Complaint and sue defendants Dell Inc., Lite-On Technology Corporation, Panasonic Corporation of North America, Energy Company of Panasonic Corporation, and Panasonic Energy Taiwan Company, Ltd., and as grounds states:

**PARTIES**

1. The Main Street America Group (hereinafter "MSAG") is, and was at all times material herein, authorized and qualified to transact, among other insurance business, a casualty, liability and insurance business, in the State of Florida.

2. At all times material herein, MSAG insured New Tampa Dental, a Florida corporation with its principal place of business in Tampa, Hillsborough County, Florida, under a Contract of Insurance, which was in full force and effect at the time of the incidents and losses, hereinafter referred to below.

3. Plaintiff Valley Forge Insurance Company is and has been at all material times a corporation organized and existing under the laws of the State of Pennsylvania that maintains a principal address of 333 S. Wabash Avenue, Chicago, Illinois 60604 and issues policies of insurance throughout the United States, including to citizens of the State of Florida.

4. At all times material herein, Valley Forge Insurance Company issued a policy of insurance that was in effect on July 18, 2007 to WAM, LLC ("Valley Forge's insured") as the owner of the subject building, providing property insurance coverage for the real property situated there.

5. Defendant Dell Inc. ("Dell") is and has been at all material times a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at One Dell Way, Round Rock, Texas 78682, that maintains the following registered agents for service of process in Texas and Delaware, respectively: (a) Corporation Services Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701; (b) Corporation Services Company, 2711 Centerville Road, Suite 400, Wilmington, DE.

6. Defendant Lite-On Technology Corporation ("Lite-On") is and has been at all material times a corporation organized and existing under the laws of Taiwan at 22F, 392 Ruey Kuang Rd., Neihu, Taipei, 114, Taiwan, which does business in the United States and maintains its U.S. Headquarters through Lite-On Sales and Distribution, Inc., located at 42000 Christy Street, Fremont, CA 94538, the registered agent for which is Michael Law, 42000 Christy Street, Fremont, CA 94538.

7. Defendant Panasonic Corporation of North America ("Panasonic") is and has been at all material times a corporation organized and existing under the laws of the State of Delaware with a principal place of business located at Panasonic Way, Secaucus, New Jersey

07094, that maintains a registered agent in Florida of CT Corporation System, 1200 S. Pine Island Road, Plantation, Florida 33324.

8. Defendant Energy Company of Panasonic Corporation is and has been at all material times a corporation organized and existing under the laws of Japan with a principal place of business located at 1-1 Matsushita-cho, Moriguchi-city , Osaka 570-8511 Japan.

9. Defendant Panasonic Energy Taiwan Company, Ltd. is and has been at all material times a corporation or business entity organized and existing under the laws of Taiwan with a principal place of business located at 21, Kungchien Road, Liu-Tu Industrial District, Keelung, Taiwan.

## JURISDICTION

10. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the parties, and each plaintiff's damages are in excess of $75,000.00.

## VENUE

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2), in that the events or omissions giving rise to this action occurred in Hillsborough County, State of Florida and a substantial part of the property that is the subject of the action has at all material times been situated at 18101 Highwoods Preserve Parkway, Tampa, Florida 33647.

## ALLEGATIONS COMMON TO ALL COUNTS

12. On July 18, 2007 a fire ("the fire") occurred at 101 Highwoods Preserve Parkway, Tampa, Florida 33647 ("the subject building"), a commercial building owned by WAM, LLC, a limited liability company, the manager of which is Dr. Doug Q. Nguyen (hereinafter "Dr. Nguyen") of 1931 Floresta View Drive, Tampa, Florida 33618.

13. The subject building had been used by tenant New Tampa Dental, P.A., a professional association and dental practice operated by the same Dr. Nguyen, a dentist who ran the dental practice in the subject building.

14. The subject building had a number of rooms for dental patients.

15. In one of the rooms was a Dell 1100 Inspiron Laptop Computer ("the subject product").

16. The subject product overheated on July 18, 2007, resulting in a fire that spread from the subject product to other property, specifically to combustible materials around that product and then spread to areas of the subject building, causing significant damages to the subject building and its contents.

17. The subject product had been purchased new in 2003 by New Tampa Dental, P.A. directly from Dell Inc. as one of nine (9) similar computers manufactured and sold by Dell Inc., each containing Lithium-Ion batteries bearing the Panasonic brand and each containing power cords manufactured by Lite-On.

18. As a result of the fire, WAM, LLC made a property insurance claim with Valley Forge Insurance Company for the damage to the real property arising from the fire.

19. As a result of the fire, New Tampa Dental, P.A., made a property and business interruption insurance claim with MSAG.

20. Plaintiff Valley Forge Insurance Company paid on the claim of WAM, LLC for the damages to the property, in the amount of $85,028.33 (the claim is still open).

21. Plaintiff MSAG paid on the claim of New Tampa Dental, P.A. in an amount in excess of $75,000.

22. Having paid WAM, LLC pursuant to a contract of insurance and having fully discharged is contractual obligations to Plaintiff's insured by making such payment, Valley Forge Insurance Company brings this conventional subrogation claim to recover against the named defendants standing in the shoes of WAM, LLC to the extent of Plaintiff's payments.

23. In the alternative to the conventional/contractual basis to bring this subrogation claim, Valley Forge Insurance Company as subrogee/insurer is also entitled to equitable subrogation, in that (a) Plaintiff/subrogee/insurer made the payment under its insurance policy with its insured in order to protect the plaintiff/subrogee/insurer's interest; (b) plaintiff/subrogee/insurer did not make the payment as a volunteer but did so after a claim was presented to the subrogee/insurer by its insured; (c) plaintiff/subrogee/insurer was not primarily liable damages incurred by its insured, but the named defendants in this action were primarily liable for the damages incurred by subrogee/insurer's insured; (d) plaintiff/subrogee/insurer paid to its insurer the entire amount that the subrogee/insurer owed to its insured under the policy of insurance; (e) subrogation would not work any injustice to the rights of any person or entities.

24. Having paid New Tampa Dental, P.A. pursuant to a contract of insurance and having fully discharged is contractual obligations to Plaintiff's insured by making such payment, MSAG brings this conventional subrogation claim to recover against the named defendants standing in the shoes of New Tampa Dental, P.A. to the extent of Plaintiff's payments.

25. In the alternative to the conventional/contractual basis to bring this subrogation claim, MSAG as subrogee/insurer is also entitled to equitable subrogation, in that (a) Plaintiff/subrogee/insurer made the payment under its insurance policy with its insured in order to protect the plaintiff/subrogee/insurer's interest; (b) plaintiff/subrogee/insurer did not make the payment as a volunteer but did so after a claim was presented to the subrogee/insurer by its

insured; (c) plaintiff/subrogee/insurer was not primarily liable damages incurred by its insured, but the named defendants in this action were primarily liable for the damages incurred by subrogee/insurer's insured; (d) plaintiff/subrogee/insurer paid to its insurer the entire amount that the subrogee/insurer owed to its insured under the policy of insurance; (e) subrogation would not work any injustice to the rights of any person or entities.

26. The damages sought in this action do not include damage to the subject computer or its component parts but to other non-integral property that was damaged when the computer caught fire.

**COUNT I: NEGLIGENCE AGAINST DELL**

27. Plaintiffs hereby incorporate and reaver by reference the allegations preceding Count I as if fully stated herein.

28. Defendant designed, manufactured, distributed and/or sold the subject product and placed it into the stream of commerce.

29. Defendant, as the manufacturer and seller of the subject product, had a duty to design the product and inspect the product for potential defects so that the product would be safe and free of defects that could lead to fire.

30. Defendant, as the manufacturer and seller of the subject product, had a duty to warn persons who might reasonably use the product about latent dangerous defects concerning that product.

31. It was foreseeable to Defendant that if Defendant sold and delivered the subject product with a latent defect, and if Defendant failed to warn of such defect, users such as Plaintiff's insured could suffer personal or property damage.

32. Plaintiffs' insureds were within the class of persons to which Defendant owed a duty of care.

33. The fire was the result of a malfunction of or defect in the subject product.

34. The subject product contained this malfunction or defect when it left Defendant's possession and control.

35. Defendant breached its duty of care to Plaintiffs' insureds.

36. The acts and omissions that constituted breaches of the duty of care to Plaintiffs' insureds include the following:

a. Defendant failed to adopt a safer, practical, feasible, or otherwise reasonable alternative design or formulation for the subject product that could then have been reasonably adopted and would have prevented or substantially reduced the risk of harm without substantially impairing the usefulness, practicality, or desirability of the product.

b. Defendant did not properly inspect the product.

c. Defendant did not properly warn of latent defects or hazards in the product.

d. Defendant failed to undertake protective measures in the product sufficient to render the product safe and free of defects that could lead to fire.

e. Defendant did not exercise that level of care that would be reasonable for a manufacturer of this type of product to exercise under the circumstances.

37. New Tampa Dental, P.A. used the subject product for its intended purpose and/or for a purpose that was reasonably foreseeable by Defendant.

38. As a direct and proximate result of Defendant's negligence, Plaintiffs' insureds incurred the damages previously described.

WHEREFORE, Plaintiffs respectfully requests judgment against this Defendant for damages in excess of $75,000.00 to each plaintiff plus pre-verdict interest and/or post-verdict interest, and for costs as allowed by law the damages sustained and alleged under this Count.

**COUNT II: STRICT LIABILITY AGAINST DELL**

39. Plaintiffs hereby incorporate and reaver by reference the allegations preceding Count I as if fully stated herein.

40. Defendant designed, manufactured, distributed and/or sold the subject product and placed it into the stream of commerce.

41. The subject product is the type of product that Defendant is in the business of manufacturing and/or selling and/or distributing.

42. The subject product was defective and unreasonably dangerous in that it had a tendency to cause a fire in the ordinary course of its use.

43. The subject product was in the defective condition at the time that it left the possession or control of the Defendant.

44. The subject product was expected to and did reach the owner of the product alleged herein without substantial change in its condition.

45. The subject product was used for its intended purpose and/or for a purpose that was reasonably foreseeable by Defendant.

46. The defective and unreasonably dangerous condition of the subject product was the proximate cause of the damages previously described.

WHEREFORE, Plaintiffs respectfully requests judgment against this Defendant for damages in excess of $75,000.00 to each plaintiff plus pre-verdict interest and/or post-verdict interest, and for costs as allowed by law the damages sustained and alleged under this Count.

**COUNT III NEGLIGENCE AGAINST LITE-ON**

47. Plaintiffs hereby incorporate and reaver by reference the allegations preceding Count I as if fully stated herein.

48. Defendant Lite-On designed, manufactured, distributed and/or sold the power cord to subject product and placed it into the stream of commerce.

49. Defendant, as the manufacturer and seller of the power cord to the subject product, had a duty to design the product and inspect the product for potential defects so that the product would be safe and free of defects that could lead to fire.

50. Defendant, as the manufacturer and seller of the power cord to subject product, had a duty to warn persons who might reasonably use the power cord to the subject product about latent dangerous defects concerning the power cord to the subject product.

51. It was foreseeable to Defendant that if Defendant sold and delivered the power cord to the subject product with a latent defect, and if Defendant failed to warn of such defect, users such as Plaintiffs' insureds could suffer personal or property damage.

52. Plaintiffs' insureds were within the class of persons to which Defendant owed a duty of care.

53. The fire was the result of a malfunction of or defect in the power cord to the subject product.

54. The power cord to the subject product contained this defective condition when it left Defendant's possession and control.

55. Defendant breached its duty of care to Plaintiffs' insureds.

56. The acts and omissions that constituted breaches of the duty of care to Plaintiffs' insureds include the following:

a. Defendant failed to adopt a safer, practical, feasible, or otherwise reasonable alternative design or formulation for the power cord to the subject product that could then have been reasonably adopted and would have prevented or substantially reduced the risk of harm without substantially impairing the usefulness, practicality, or desirability of the power cord to the subject product.

b. Defendant did not properly inspect the power cord to the subject product.

c. Defendant did not properly warn of latent defects or hazards in the power cord to the subject product.

d. Defendant failed to undertake protective measures in the product sufficient to render the power cord to the subject product safe and free of defects that could lead to fire.

e. Defendant did not exercise that level of care that would be reasonable for a manufacturer of this type of power cord to exercise under the circumstances.

57. New Tampa Dental, P.A. used the power cord to the subject product for its intended purpose and/or for a purpose that was reasonably foreseeable by Defendant.

58. As a direct and proximate result of Defendant's negligence, plaintiffs' insureds incurred the damages previously described.

WHEREFORE, Plaintiffs respectfully requests judgment against this Defendant for damages in excess of $75,000.00 to each plaintiff plus pre-verdict interest and/or post-verdict interest, and for costs as allowed by law the damages sustained and alleged under this Count.

## COUNT IV: STRICT LIABILITY AGAINST LITE-ON

59. Plaintiff hereby incorporates and reavers by reference the allegations preceding Count I as if fully stated herein.

60. Defendant Lite-On designed, manufactured, distributed and/or sold the power cord to the subject product and placed it into the stream of commerce.

61. The power cord to the subject product is the type of product that Defendant is in the business of manufacturing and/or selling and/or distributing.

62. The power cord to the subject product was defective and unreasonably dangerous in that it had a tendency to cause a fire in the ordinary course of its use.

63. The power cord to the subject product was in the defective condition at the time that it left the possession or control of the Defendant.

64. The power cord to the subject product was expected to and did reach the owner of the product alleged herein without substantial change in its condition.

65. The power cord to the subject product was used for its intended purpose and/or for a purpose that was reasonably foreseeable by Defendant.

66. The defective and unreasonably dangerous condition of the power cord to the subject product was the proximate cause of the damages previously described.

WHEREFORE, Plaintiffs respectfully requests judgment against this Defendant for damages in excess of $75,000.00 to each plaintiff plus pre-verdict interest and/or post-verdict interest, and for costs as allowed by law the damages sustained and alleged under this Count.

**COUNT V: NEGLIGENCE AGAINST PANASONIC CORPORATION OF NORTH AMERICA**

67. Plaintiffs hereby incorporate and reaver by reference the allegations preceding Count I as if fully stated herein.

68. Defendant designed, distributed and sold the battery cells and the battery pack to subject product and placed them into the stream of commerce.

69. Defendant, as the manufacturer and seller of the battery cells and battery pack to the subject product, had a duty to design the battery cells and the battery pack and inspect the battery cells and battery pack for potential defects so that the battery cells and battery pack would be safe and free of defects that could lead to fire.

70. Defendant, as the manufacturer and seller of the battery cells and battery pack to subject product, had a duty to warn persons who might reasonably use the battery cells and battery pack to the subject product about latent dangerous defects concerning the battery cells and battery pack to the subject product.

71. It was foreseeable to Defendant that if Defendant sold and delivered the battery cells and battery pack to the subject product with a latent defect, and if Defendant failed to warn of such defect, users such as New Tampa Dental, P.A. could suffer personal or property damage.

72. Plaintiffs' insureds were within the class of persons to which Defendant owed a duty of care.

73. The fire was the result of a malfunction of or defect in a battery cell and the battery pack to the subject product.

74. The battery cell and the battery pack to the subject product contained this defective condition when they left Defendant's possession and control.

75. Defendant breached its duty of care to Plaintiffs' insureds.

76. The acts and omissions that constituted breaches of the duty of care to Plaintiffs' insureds include the following:

a. Defendant failed to adopt a safer, practical, feasible, or otherwise reasonable alternative design or formulation for the battery cells and battery pack to the subject product that could then have been reasonably adopted and would have prevented or substantially

reduced the risk of harm without substantially impairing the usefulness, practicality, or desirability of the battery cells and battery pack to the subject product.

b. Defendant did not properly inspect the battery cells and battery pack to the subject product.

c. Defendant did not properly warn of latent defects or hazards in the battery cell or battery pack to the subject product.

d. Defendant failed to undertake protective measures in the battery cells and battery pack sufficient to render the battery cells and battery pack to the subject product safe and free of defects that could lead to fire.

e. Defendant did not exercise that level of care that would be reasonable for a manufacturer of this type of battery cell and battery pack to exercise under the circumstances.

77. New Tampa Dental, P.A. used the battery cells and battery pack to the subject product for their intended purpose and/or for a purpose that was reasonably foreseeable by Defendant.

78. As a direct and proximate result of Defendant's negligence, Plaintiffs' insureds incurred the damages previously described.

WHEREFORE, Plaintiffs respectfully requests judgment against this Defendant for damages in excess of $75,000.00 to each plaintiff plus pre-verdict interest and/or post-verdict interest, and for costs as allowed by law the damages sustained and alleged under this Count.

## COUNT VI: STRICT LIABILITY AGAINST PANASONIC CORPORATION OF NORTH AMERICA

79. Plaintiffs hereby incorporate and reaver by reference the allegations preceding Count I as if fully stated herein.

80. Defendant designed, manufactured, distributed and/or sold the battery cells and battery pack to the subject product and placed them into the stream of commerce.

81. The battery cells and battery pack to the subject product are the type of products that Defendant is in the business of manufacturing and/or selling and/or distributing.

82. The battery cells and battery pack to the subject product were defective and unreasonably dangerous in that they had a tendency to cause a fire in the ordinary course of their use.

83. The battery cells and battery pack to the subject product were in the defective condition at the time that they left the possession or control of the Defendant.

84. The battery cells and battery pack to the subject product were expected to and did reach the owner of the product alleged herein without substantial change in their condition.

85. The battery cells and battery pack to the subject product were used for their intended purpose and/or for a purpose that was reasonably foreseeable by Defendant.

86. The defective and unreasonably dangerous condition of the battery cells and battery pack to the subject product was the proximate cause of the damages previously described.

WHEREFORE, Plaintiffs respectfully requests judgment against this Defendant for damages in excess of $75,000.00 to each plaintiff plus pre-verdict interest and/or post-verdict interest, and for costs as allowed by law the damages sustained and alleged under this Count.

**COUNT VII: NEGLIGENCE AGAINST ENERGY COMPANY OF PANASONIC CORPORATION**

87. Plaintiffs hereby incorporate and reaver by reference the allegations preceding Count I as if fully stated herein.

88. Defendant designed, distributed and sold the battery cells to subject product and placed them into the stream of commerce.

89. Defendant, as the manufacturer and seller of the battery cells to the subject product, had a duty to design the battery cells and inspect the battery cells for potential defects so that the battery cells would be safe and free of defects that could lead to fire.

90. Defendant, as the manufacturer and seller of the battery cells to subject product, had a duty to warn persons who might reasonably use the battery cells to the subject product about latent dangerous defects concerning the battery cells to the subject product.

91. It was foreseeable to Defendant that if Defendant sold and delivered the battery cells to the subject product with a latent defect, and if Defendant failed to warn of such defect, users such as New Tampa Dental, P.A. could suffer personal or property damage.

92. Plaintiffs' insureds were within the class of persons to which Defendant owed a duty of care.

93. The fire was the result of a malfunction of or defect in a battery cell to the subject product.

94. The battery cell to the subject product contained this defective condition when it left Defendant's possession and control.

95. Defendant breached its duty of care to Plaintiffs' insureds.

96. The acts and omissions that constituted breaches of the duty of care to Plaintiffs' insureds include the following:

a. Defendant failed to adopt a safer, practical, feasible, or otherwise reasonable alternative design or formulation for the battery cells to the subject product that could then have been reasonably adopted and would have prevented or substantially reduced the risk of harm without substantially impairing the usefulness, practicality, or desirability of the battery cells to the subject product.

b. Defendant did not properly inspect the battery cells to the subject product.

c. Defendant did not properly warn of latent defects or hazards in the battery cell to the subject product.

d. Defendant failed to undertake protective measures in the battery cells and battery pack sufficient to render the battery cells and battery pack to the subject product safe and free of defects that could lead to fire.

e. Defendant did not exercise that level of care that would be reasonable for a manufacturer of this type of battery cell to exercise under the circumstances.

97. New Tampa Dental, P.A. used the battery cells to the subject product for their intended purpose and/or for a purpose that was reasonably foreseeable by Defendant.

98. As a direct and proximate result of Defendant's negligence, Plaintiffs' insureds incurred the damages previously described.

WHEREFORE, Plaintiffs respectfully requests judgment against this Defendant for damages in excess of $75,000.00 to each plaintiff plus pre-verdict interest and/or post-verdict interest, and for costs as allowed by law the damages sustained and alleged under this Count.

## COUNT VIII: STRICT LIABILITY AGAINST ENERGY COMPANY OF PANASONIC CORPORATION

99. Plaintiffs hereby incorporate and reaver by reference the allegations preceding Count I as if fully stated herein.

100. Defendant designed, manufactured, distributed and/or sold the battery cells to the subject product and placed them into the stream of commerce.

101. The battery cells to the subject product are the type of products that Defendant is in the business of manufacturing and/or selling and/or distributing.

102. The battery cells to the subject product were defective and unreasonably dangerous in that they had a tendency to cause a fire in the ordinary course of their use.

103. The battery cells to the subject product were in the defective condition at the time that they left the possession or control of the Defendant.

104. The battery cells to the subject product were expected to and did reach the owner of the product alleged herein without substantial change in their condition.

105. The battery cells to the subject product were used for their intended purpose and/or for a purpose that was reasonably foreseeable by Defendant.

106. The defective and unreasonably dangerous condition of the battery cells to the subject product was the proximate cause of the damages previously described.

WHEREFORE, Plaintiffs respectfully requests judgment against this Defendant for damages in excess of $75,000.00 to each plaintiff plus pre-verdict interest and/or post-verdict interest, and for costs as allowed by law the damages sustained and alleged under this Count.

**COUNT IX: NEGLIGENCE AGAINST PANASONIC ENERGY TAIWAN COMPANY, LTD**

107. Plaintiffs hereby incorporate and reaver by reference the allegations preceding Count I as if fully stated herein.

108. Defendant designed, distributed and sold the battery pack to subject product and placed it into the stream of commerce.

109. Defendant, as the manufacturer and seller of the battery pack to the subject product, had a duty to design the battery pack and inspect the battery pack for potential defects so that the battery pack would be safe and free of defects that could lead to fire.

110. Defendant, as the manufacturer and seller of the battery pack to subject product, had a duty to warn persons who might reasonably use the battery pack to the subject product about latent dangerous defects concerning the battery pack to the subject product.

111. It was foreseeable to Defendant that if Defendant sold and delivered the battery pack to the subject product with a latent defect, and if Defendant failed to warn of such defect, users such as New Tampa Dental, P.A. could suffer personal or property damage.

112. Plaintiffs' insureds were within the class of persons to which Defendant owed a duty of care.

113. The fire was the result of a malfunction of or defect in the battery pack to the subject product.

114. The battery pack to the subject product contained this defective condition when they it Defendant's possession and control.

115. Defendant breached its duty of care to Plaintiffs' insureds.

116. The acts and omissions that constituted breaches of the duty of care to Plaintiffs' insureds include the following:

a. Defendant failed to adopt a safer, practical, feasible, or otherwise reasonable alternative design or formulation for the battery pack to the subject product that could then have been reasonably adopted and would have prevented or substantially reduced the risk of harm without substantially impairing the usefulness, practicality, or desirability of the battery pack to the subject product.

b. Defendant did not properly inspect the battery pack to the subject product.

c. Defendant did not properly warn of latent defects or hazards in the battery pack to the subject product.

d. Defendant failed to undertake protective measures in the battery pack sufficient to render the battery pack to the subject product safe and free of defects that could lead to fire.

e. Defendant did not exercise that level of care that would be reasonable for a manufacturer of this type of battery pack to exercise under the circumstances.

117. New Tampa Dental, P.A. used the battery pack to the subject product for its intended purpose and/or for a purpose that was reasonably foreseeable by Defendant.

118. As a direct and proximate result of Defendant's negligence, Plaintiffs' insureds incurred the damages previously described.

WHEREFORE, Plaintiffs respectfully requests judgment against this Defendant for damages in excess of $75,000.00 to each plaintiff plus pre-verdict interest and/or post-verdict interest, and for costs as allowed by law the damages sustained and alleged under this Count.

## COUNT X: STRICT LIABILITY AGAINST PANASONIC ENERGY TAIWAN COMPANY, LTD

119. Plaintiffs hereby incorporate and reaver by reference the allegations preceding Count I as if fully stated herein.

120. Defendant designed, manufactured, distributed and/or sold the battery pack to the subject product and placed it into the stream of commerce.

121. The battery pack to the subject product is the type of products that Defendant is in the business of manufacturing and/or selling and/or distributing.

122. The battery pack to the subject product was defective and unreasonably dangerous in that it had a tendency to cause a fire in the ordinary course of its use.

123. The battery pack to the subject product was in the defective condition at the time that it left the possession or control of the Defendant.

124. The battery pack to the subject product was expected to and did reach the owner of the product alleged herein without substantial change in its condition.

125. The battery pack to the subject product was used for its intended purpose and/or for a purpose that was reasonably foreseeable by Defendant.

126. The defective and unreasonably dangerous condition of the battery pack to the subject product was the proximate cause of the damages previously described.

WHEREFORE, Plaintiffs respectfully requests judgment against this Defendant for damages in excess of $75,000.00 to each plaintiff plus pre-verdict interest and/or post-verdict interest, and for costs as allowed by law the damages sustained and alleged under this Count.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

This the ____ day of May 2009.

Respectfully submitted.

/s/ Nicholas F. Mooney___________
Nicholas F. Mooney
BROMAGEN & RATHET, P.A.
201 East Kennedy Boulevard, Suite 500
Tampa, Florida 33606
Eail: nick.mooney@bromagenlaw.com
*Attorney for Main Street America Group*

__________________________
John W. Reis
Florida Bar No.: 946133
COZEN O'CONNOR
One Wachovia Center, Suite 2100
301 South College Street
Charlotte, NC 28202
Phone: (704) 376-3400 or 800-762-3575
Fax: (704) 334-3351 facsimile
Email: jreis@cozen.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May ___, 2010, I caused a copy of the foregoing to be served by filing it electronically with the Court, which will in turn serve it via email upon the following: (1) Richard S. Maselli, Esquire, and Timon V. Sullivan, Esquire, OGDEN & SULLIVAN, PA , 113 S Armenia Ave., Tampa , FL 33609-1006, email rmaselli@ogdensullivan.com, tsullivan@ogdensullivan.com, *attorneys for Panasonic Corporation of North American*; (2) Peggy Smith Bush, Esquire, SMITH TOOLE & WIGGINS, PL, 485 N. Keller Road, Suite 401, Maitland, FL 32751, Email: pbush@stw-law.com, *attorney for Lite-On Technology Corporation*; (3) Larry D. Smith, SMITH TOOLE & WIGGINS, PL, 485 N. Keller Road, Suite 401, Maitland, FL 32751, Email: LSmith@stw-law.com, *attorney for Lite-On Technology Corporation*; (4) Scott Bassman, Esquire, COLE SCOTT & KISSANE, P.A., Dadeland Center II, 9150 S. Dadeland Blvd., Miami, FL 33156, scott.bassman@csklegal.com, *attorney for Dell Inc.*; (5) Vincent Gannuscio, Esquire, COLE SCOTT & KISSANE, P.A., 5201 W. Kennedy Blvd., Suite 750, Tampa, FL 33609, email: Vincent.gannuscio@csklegal.com., *co-counsel for Dell Inc.*; (6) Joshua Kaleel, Esquire, BROMAGEN & RATHET, P.A., 3948 3rd Street S., #293, Jacksonville Beach, Florida 32250-584; email: Joshua@bromagenlaw.com, *attorney for Main Street America*; (7) Nicholas F. Mooney, Esquire, BROMAGEN & RATHET, P.A., 201 East Kennedy Boulevard, Suite 500, Tampa, Florida 33606, email: nick.mooney@bromagenlaw.com, *co-counsel for Main Street America*.

______________________

John W. Reis
Florida Bar No.: 946133
COZEN O'CONNOR
One Wachovia Center, Suite 2100
301 South College Street
Charlotte, NC 28202
Phone: (704) 376-3400 or 800-762-3575
Fax: (704) 334-3351
Email: jreis@cozen.com