**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CASE NO. 8:09-cv-01269-RAL-TGW**

THE MAIN STREET AMERICA GROUP,

Plaintiff,

v.

DELL INC., LITE-ON TECHNOLOGY CORPORATION, PANASONIC CORPORATION OF NORTH AMERICA, ENERGY COMPANY OF PANASONIC CORPORATION, and PANASONIC TAIWAN COMPANY, LTD.,

Defendants.

_______________________________________/

**DELL INC.'S MOTION FOR FINAL SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM OF LAW**

Defendant, DELL INC. ("Dell"), by and through undersigned counsel, pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, and in accordance with Rule 3.01 of the Local Rules of the United States District Court for the Middle District of Florida, hereby files this Motion for Final Summary Judgment and Supporting Memorandum of Law, and in support thereof, states as follows:

## INTRODUCTION

The Plaintiff filed the instant ***subrogation action***, based on alleged monies paid by Plaintiff, The Main Street America Group ("MSAG"), to New Tampa Dental, P.A. (its alleged insured) under a purported insurance policy or contract of insurance. However, after conducting discovery in this case, final summary judgment against Plaintiff MSAG is warranted because the undisputed record conclusively reveals that, contrary to Plaintiff's bare allegations, Plaintiff MSAG: (1) was **not** in privity of contract with its alleged insured, New Tampa Dental, P.A.; (2) did **not** make any payments to New Tampa Dental, P.A.; and (3) was **not** an assignee of Old Dominion Insurance Company ("Old Dominion") at the time the instant lawsuit was filed. As

discussed in further detail below, taking every possible inference in favor of the Plaintiff MSAG, there are no genuine issues of material fact as it pertains to MSAG's lack of standing to pursue this action against Dell and thus, Dell is entitled to final summary judgment as a matter of law.[1]

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Plaintiff MSAG filed this action on July 6, 2009. Compl. (D.E. No. 2).

2. In Plaintiff's Amended Complaint, filed on May 24, 2010, Plaintiff MSAG alleges that "[a]t all times material herein, MSAG insured New Tampa Dental . . . under a Contract of Insurance, which was in full force and effect at the time of the incidents and losses. . . ." Am. Compl. ¶ 2 (D.E. No. 68).

3. Plaintiff MSAG further claims that "[h]aving paid New Tampa Dental, P.A. pursuant to a contract of insurance and having fully discharged is (sic) contractual obligations to Plaintiff's insured by making such payment, MSAG brings this conventional subrogation claim to recover against the named defendants standing in the shoes of New Tampa Dental, P.A. to the extent of Plaintiff's payments." Am. Compl. ¶ 24 (D.E. No. 68).

4. Finally, MSAG claims that it "is also entitled to equitable subrogation, in that Plaintiff/subrogee/insurer made the payment under its insurance policy with its insured in order to protect the plaintiff/subrogee/insurer's interest . . . ." Am. Compl. ¶ 25 (D.E. No. 68).

5. However, Plaintiff MSAG is not a party to the Contract of Insurance or insurance policy in effect at the time of the alleged incident/losses. *See* Contract of Insurance/Policy with Policy No. BPG58779 at Exhibit 4 to Dep. MSAG's Corp.

[1] Consistent with this Court's Order entered on August 26, 2011 (D.E. 135), Dell hereby respectfully submits this single Motion for Final Summary Judgment.

Rep. J. Hartman (attached hereto as Exhibit "A"); *see also* Dep. MSAG's Corp. Rep. J. Hartman at 57:18–21 (attached hereto as Exhibit "B").

6. Rather, the parties to the subject Contract of Insurance/Policy are New Tampa Dental, P.A. (insured) and Old Dominion (insurer). *See* Policy at Exhibit "A."

7. Moreover, Plaintiff MSAG's designated Corporate Representative, Jason Hartman, testified that Old Dominion "was the issuing company for this policy." Dep. MSAG's Corp. Rep. J. Hartman 204:18–21.

8. Similarly, Plaintiff MSAG's Corporate Claims Vendor Manager, Jeff Dean, testified (on August 18, 2011) that the insurer for New Tampa Dental, P.A. related to the claims in this matter was "Old Dominion Insurance Company." Dep. MSAG's Rep. J. Dean 5:4–6 (attached hereto as Exhibit "C").

9. Furthermore, payments made to New Tampa Dental, P.A. pursuant to the subject Contract of Insurance were not made by Plaintiff MSAG, but by Old Dominion. *See* Check No. 0901532 dated Jun. 20, 2008 (attached hereto as Exhibit "D"); *see also* Dep. MSAG Corp. Rep. J. Hartman at 46:10–19; various checks issued by Old Dominion at Composite Exhibit "3" to Dep. MSAG's Rep. J. Dean (attached hereto as Exhibit "E").

10. In fact, Plaintiff MSAG's Corporate Manager, Jeff Dean, testified that "Old Dominion Insurance Company [was] the entity responsible for actually making any payments to New Tampa Dental under [the subject] insurance policy." Dep. MSAG's Rep. J. Dean 5:7–11.

11. Mr. Dean further testified: "I know that Old Dominion Insurance Company was the company that wrote the policy and had the obligation [to make payments], . . . not Main Street America Group." Dep. MSAG's Rep. J. Dean 15:18–25.

12. Throughout his deposition, Mr. Dean testified repeatedly that the subject policy is an Old Dominion Policy, written and issued by Old Dominion, not MSAG. Dep. MSAG's Rep. J. Dean 13:1–6; 116:7–13;143:23; 144:4; 152:6–7; 153:3–4.

13. In addition, the Policyholder's Claim Release ("Release") executed by New Tampa Dental, P.A. on May 18, 2010 releasing its claims arising out of the subject fire explicitly acknowledges that "all prior payments previously received by [New Tampa Dental, P.A. were] paid by Old Dominion Insurance Company . . . under a Policy issued by Old Dominion Insurance Company, Policy No. BPG58779 . . . ." *See* Release (attached hereto as Exhibit "F)" *see also* Dep. Corp. Rep. New Tampa Dental, P.A., D. Nguyen at Vol. II 376:22–25; 377:4–5 (attached hereto as Exhibit "G").

14. Old Dominion, an insurance company, is a wholly-owned subsidiary of MSAG, a holding company. *See* Corporate Disclosure Statement filed by Old Dominion Insurance Company in this Court in another case, Case No. 2:10-cv-328-Ft.M-295 PC at D.E. No. 75 dated Apr. 25, 2011 (attached hereto as Exhibit "H"); *see also* Corporate Disclosure Statement filed by National Grange Mutual Insurance in the United States District Court for the District of New Hampshire in Case No. 1:11-cv-00303-JD at D.E. No. 10 dated Aug. 16, 2011 (attached hereto as Exhibit "I").

15. Plaintiff MSAG is not an insurance company, does not insure anyone in the State of Florida, and is merely a holding company. Dep. MSAG's Rep. J. Dean 13:7–17; 154:4–5, 9–11

16. Old Dominion is a separate and distinct company from Plaintiff MSAG. Dep. MSAG's Rep. J. dean 155:22–25.


**COLE, SCOTT & KISSANE, P.A.**
DADELAND CENTRE II - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33156 - (305) 350-5300 - (305) 373-2294 FAX

17. Of significance, pursuant to this Court's Interested Persons Order (D.E. No. 3), Plaintiff MSAG filed a Certificate of Interested Persons and Corporate Disclosure Statement. (D.E. No. 6).

18. However, Plaintiff MSAG's Certificate of Interested Persons and Corporate Disclosure did not disclose Old Dominion. *See* (D.E. No. 6).

19. Moreover, despite Plaintiff MSAG's continuing obligation to supplement its Certificate of Interested Persons and Corporate Disclosures, to date, Plaintiff MSAG has not amended its Certificate/Disclosure to list Old Dominion nor its relationship to Old Dominion. *See* Interested Persons Order at 2 (D.E. No. 3); *see generally* Record.

20. Finally, at the time this action was filed on July 6, 2009, Plaintiff MSAG was not an assignee of Old Dominion. *See generally* Am. Compl. (D.E. No. 68); Plt's MSAG's Answers to Iroggs. (attached hereto as Exhibit "J"); Dep. MSAG's Rep. J. Dean 80:11–15; the Record.

## MEMORANDUM OF LAW

### I. STANDARD OF REVIEW ON A MOTION FOR SUMMARY JUDGMENT.

This Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). After the moving party has met its burden of coming forward with proof of the absence of any genuine issue of material fact, if the non-moving party fails to demonstrate that there is indeed a material issue of fact that precludes summary judgment, a summary judgment is warranted in favor of the moving party. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991); Celotex Corp.


COLE, SCOTT & KISSANE, P.A.
DADELAND CENTRE II - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33156 - (305) 350-5300 - (305) 373-2294 FAX

v. Catrell, 477 U.S. 317 (1986). "Supreme Court decisions mandate that a summary judgment motion must be granted unless the party opposing the motion 'provides evidence' such that a reasonable jury could return a verdict for the non-moving party." U.S. v. Branella, 972 F. Supp. 294, 297 (D.N.J. 1997). The non-moving party may not rest upon the mere allegations or denials of the adverse party's pleadings, but instead must come forth with specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c). A mere scintilla of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonable find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249–50 (1986). "Mere conclusions and unsupported factual allegations are legally insufficient to create a dispute to defeat summary judgment." Bald Mountain Park, Ltd. v. Oliver, 863 F.2d 1560, 1563 (11th Cir. 1989). As set forth in further detail below, no genuine issues of material fact exist as to Plaintiff MSAG's lack of standing in this action and, thus, Dell is entitled to final summary judgment as a matter of law.

## ARGUMENT

### II. DELL IS ENTITLED TO FINAL SUMMARY JUDGMENT BECAUSE PLAINTIFF MSAG LACKS STANDING AND THIS COURT LACKS SUBJECT MATTER JURISDICTION.

#### A. Standing Is Required to Invoke This Court's Jurisdiction.

It is well-settled law that federal courts are confined by Article III of the Constitution to deciding only actual cases or controversies. Allen v. Wright, 468 U.S. 737, 750 (1984). The case or controversy requirement is only met if the federal court finds that the plaintiff has standing. Daimler Chrysler Corp. v. Cuno, 547 U.S. 332, 334 (2006). "A plaintiff has Article III standing to assert a claim if: (1) it can show it has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to conduct of the defendant; and (3) it is likely, not just merely speculative, that



COLE, SCOTT & KISSANE, P.A.
DADELAND CENTRE II - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33156 - (305) 350-5300 - (305) 373-2294 FAX

the injury will be redressed by a favorable decision." Live Enter., Inc. v. Digex, Inc., 300 F.Supp.2d 1273, 1279 (S.D. Fla. 2003) (*citing* Lujan v. Defenders of Wildlife, 504 U.S. 555, 569–70 n.4 (1992)).

Lack of standing is a defect in subject matter jurisdiction, warranting dismissal ***with prejudice***. *See* Bender v. Williamsport Area School Dist., 475 U.S. 534, 641–42 (1986); *see also* Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001). Standing is evaluated based on the facts as they existed at the time the complaint was filed. *See* Lujan, 504 U.S. at 569–70 n.4; Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. Inc., 528 U.S. 167, 191 (2000); Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1275 (11th Cir. 2003). Article III standing "must be present ***at the inception of the lawsuit***." Live Enter., Inc., 300 F.Supp.2d at 1279 (emphasis added). A court ***shall*** dismiss a claim when it does not have subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Courts have an affirmative duty to examine their jurisdiction in each case, and if the Court concludes that jurisdiction is absent, the Court must not proceed on the merits of the case. Lamb v. Charlotte County, 429 F.Supp.2d 1302, 1305–06 (M.D. Fla. 2006).

**B. Plaintiff Lacks Standing.**

The case *sub judice* is a subrogation case. (Am. Compl. ¶¶ 2, 24–25 (D.E. No. 68)). Subrogation is the substitution of one person for another with respect to a legal right. The Federal Deposit Ins. Corp. v. Coone, No. 90-989-Civ-T-17B, 1992 WL 309055 (M.D. Fla. Oct. 14, 1992). In other words, the subrogor is said to "stand in the shoes" of the subrogee, from whom it derives all of its rights. St. Paul Fire & Marine Ins. Co. v. Lextington Ins. Co., No. 05-80230-civ, 2005 WL 1295408 (S.D. Fla. Apr. 4, 2006).

Here, Plaintiff MSAG has filed the instant subrogation claim under two separate theories of subrogation: (1) contractual subrogation; and (2) equitable subrogation. (Am. Compl. ¶¶ 24–

25). "Contractual subrogation arises from ***a contract between the parties*** establishing an agreement that the party paying the debt will have the rights and remedies of the original creditor." Villa Maria Nursing & Rehab. Ctr., Inc. v. So. Broward Hosp. Dist., 8 So. 3d 1167, 1170, n.1 (Fla. 4th DCA 2009) (emphasis added). Thus, to substantiate a claim for contractual subrogation, Plaintiff has to establish the existence of an express agreement (*i.e.*, an ***insurance policy***) between the insurer/subrogee and its insured/subrogor allowing the insurer/subrogee to assert the rights of the insured/subrogor. Id. Similarly, to substantiate a claim for equitable subrogation, Plaintiff must establish that: 1) ***it made the payment*** to protect its own interest; 2) it did not act as a volunteer; 3) it was not primarily liable for the debt; 4) it paid off the entire debt; and 5) subrogation would not work any injustice to the rights of a third party. Liberty Seguaras, S.A. v. Nobel Cargo Sys., Inc., No. 08-21643-civ, 2009 WL 465044 (S.D. Fla. Feb. 24, 2009).

In this case, Plaintiff MSAG claims it is suing Dell in the purported shoes of New Tampa Dental, P.A., who MSAG claims is its subrogor/insured. First, Plaintiff MSAG alleges that "[a]t all times material herein, ***MSAG insured New Tampa Dental . . . under a Contract of Insurance***, which was in full force and effect at the time of the incidents and losses. . . ." (Am. Compl. ¶ 2 (D.E. No. 68)) (emphasis added). Next, MSAG claims that "***[h]aving paid New Tampa Dental, P.A. pursuant to a contract of insurance*** and having fully discharged is (sic) contractual obligations to Plaintiff's insured by making such payment, ***MSAG brings this conventional subrogation claim*** to recover against the named defendants ***standing in the shoes of New Tampa Dental, P.A. to the extent of Plaintiff's payments***." (Am. Compl. ¶ 24 (D.E. No. 68)) (emphasis added). Finally, MSAG claims that it "is also entitled to equitable subrogation, in that ***Plaintiff/subrogee/insurer made the payment under its insurance policy with its insured*** in order to protect the plaintiff/subrogee/insurer's interest . . . ." (Am. Compl. ¶ 25 (D.E. No. 68)) (emphasis added).


**COLE, SCOTT & KISSANE, P.A.**
DADELAND CENTRE II - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33156 - (305) 350-5300 - (305) 373-2294 FAX

However, contrary to Plaintiff's allegations in its pleadings, Plaintiff MSAG is not, nor has ever been at any material time a party to any Contract of Insurance with New Tampa Dental, P.A. At all material times, New Tampa Dental, P.A. was not Plaintiff MSAG's insured. As such, Plaintiff MSAG cannot stand in the shoes of New Tampa Dental, P.A. Moreover, Plaintiff MSAG did not make any payments to New Tampa Dental, P.A. under any Contract of Insurance/Policy or otherwise. To that end, it is undisputed that Old Dominion is a party to a Contract of Insurance with New Tampa Dental, P.A. and that all payments issued to New Tampa Dental, P.A. as a result of its insurance claim arising from the subject fire were made by Old Dominion. As such, Plaintiff MSAG has no legal right or standing to seek subrogation under a Contract of Insurance/Policy to which it is not a party. Furthermore, Plaintiff MSAG has no legal right or standing to seek equitable subrogation for reimbursement of payments it never made.

Moreover, it is undisputed that Plaintiff MSAG is not an insurance company, has never issued any insurance for any person or entity in the State of Florida, and is merely a holding company. It is further undisputed that Old Dominion is a separate and distinct legal entity from MSAG. Finally, the record is devoid of any evidence whatsoever that MSAG was an assignee of Old Dominion for this claim or otherwise at the time this lawsuit was filed. *See* Lujan, 504 U.S. at 569–70 n.4 (holding that standing is evaluated based on the facts as they existed at the time the complaint was filed).

In sum, the undisputed record evidence conclusively reveals that: 1) Plaintiff MSAG did not issue a Contract of Insurance/ Policy to New Tampa Dental, P.A.; 2) Plaintiff MSAG did not at any time lie in privity of contract with its purported insured, New Tampa Dental, P.A.; 3) Old Dominion, a separate and distinct legal entity, issued the subject Contract of Insurance/Policy; 4) Plaintiff MSAG did not make any payments under the Contract of Insurance/Policy between Old

Dominion and New Tampa Dental, P.A.; and 5) all payments made under the Contract of Insurance/Policy between Old Dominion and New Tampa Dental, P.A. were issued by Old Dominion. To that end, it is clear that Plaintiff MSAG was legally a stranger to the Contract of Insurance/Policy between New Tampa Dental, P.A. and its insurer, Old Dominion, as well as the underlying insurance claim between Old Dominion and New Tampa Dental, P.A., and therefore lacks standing in this instant subrogation case. *See* Elandia Int'l, Inc. v. Koy, No. 09-20588, 2010 WL 2179770, at *1 (S.D. Fla. Feb. 22, 2010) (holding that the parent company of a subsidiary lacked standing to assert a claim on behalf of the subsidiary because the parent company was legally a stranger to the transaction giving rise to the claim).

As discussed above, it is well-settled law that "[i]f a party lacks standing to bring a matter before the court, the court lacks jurisdiction to decide the merits of the underlying case." Wein v. Am. Huts, Inc., 313 F.Supp.2d 1356, 1359 (S.D. Fla. 2004). To answer the question of standing, the court must determine "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Id. (*citing* Warth v. Seldin, 422 U.S. 490, 498 (1975)). A plaintiff invoking federal jurisdiction must allege a personal stake in the outcome of the controversy. Id. Thus, "a plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Id.; *see also* United Brothers of the Bay Area, Inc. v. Freedman, 742 F.Supp. 1138 (M.D. Fla. 1990).

Based on the foregoing and the undisputed record evidence, it is clear that Plaintiff MSAG has failed to demonstrate injury-in-fact and otherwise lacks standing under Article III to invoke this Court's subject matter jurisdiction. Contrary to Plaintiff's allegations, the undisputed record conclusively reveals that Plaintiff MSAG: (1) was **not** in privity of contract with its alleged insured, New Tampa Dental, P.A.; (2) did **not** make any payments to New Tampa Dental, P.A.; and (3) was **not** an assignee of Old Dominion at the time the lawsuit was filed.


COLE, SCOTT & KISSANE, P.A.
DADELAND CENTRE II - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33156 - (305) 350-5300 - (305) 373-2294 FAX

Plaintiff has filed the instant action asserting subrogation rights that simply do not exist. *See* United Brothers of the Bay Area, Inc., 742 F.Supp. at 1138 (holding that a plaintiff cannot assert the legal rights and interests of a third party).

Accordingly, Plaintiff has no standing to bring the instant subrogation action against Dell and because lack of standing is a defect in subject matter jurisdiction, dismissal with prejudice is warranted pursuant to Article III. *See* Bender v. Williamsport Area School Dist., 475 U.S. 534, 641–42 (1986); *see also* Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001). Consequently, Dell is entitled to final summary judgment against Plaintiff MSAG as a matter of law.

WHEREFORE, Defendant, DELL INC., respectfully requests that this Honorable Court grant this Motion and enter final summary judgment against the Plaintiff, MAIN STREET AMERICA GROUP, dismissing Plaintiff's Amended Complaint (D.E. No. 68) with prejudice, award Defendant its reasonable attorneys' fees and costs incurred in defending this action, and any other relief deemed just and appropriate in light of the foregoing.

Dated: August 26, 2011

Respectfully submitted,

By: s/ Scott A. Bassman
Scott A. Bassman, Esquire
Fla. Bar No. 232180
Cole, Scott & Kissane, P.A.
Dadeland Centre II
9150 S. Dadeland Boulevard, Suite 1400
Miami, Florida 33156
E-Mail: scott.bassman@csklegal.com
Telephone: 305-350-5303
Facsimile: 305-373-2294

**CERTIFICATE OF CONFERENCE**

Pursuant to Paragraph 6 of this Court's Scheduling Order (D.E. No. 19, 92), on August 24, 2011, the undersigned counsel conferred with counsel for Plaintiff, and counsel indicated that Old Dominion, a wholly owned subsidiary of MSAG, was the insurance carrier under the policy and made the subject payments to New Tampa Dental, P.A., and that MSAG is a holding company, as set forth in the Statement of Undisputed Facts.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 26th day of August, 2011, we electronically filed the foregoing document with the Clerk of Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

COLE, SCOTT & KISSANE, P.A.
Attorneys for Defendant Dell Inc.
Dadeland Centre II
9150 S. Dadeland Boulevard, Suite 1400
Miami, Florida 33156
E-Mail: scott.bassman@csklegal.com
Telephone: (305) 350-5303
Facsimile: (305) 373-2294

By: s/ Scott A. Bassman
SCOTT A. BASSMAN
FBN: 232180

SAB/JVR

L:\4600-0055-00\Pleadings\MSJ - MSAG Lack of Standing\MSJ - MSAG Lack of Standing.doc

## SERVICE LIST

**The Main Street America Group and Valley Forge Insurance Company v. Dell Inc., Lite-On Technology Corporation, Panasonic Corporation of North America, Energy Company of Panasonic Corporation and Panasonic Taiwan Company, Ltd.**
**Case No.: 8:09cv-1269-T-26TGW**

Nicholas F. Mooney, Esq.
nick.mooney@bromagenlaw.com
Bromagen & Rathet, P.A.
201 E. Kennedy Blvd.
Suite 500
Tampa, Florida 33602
Served via transmission of Notice of Electronic Filing generated by CM/ECF
***Counsel for Plaintiff Main Street America Group***

Jeremy A. Kespohl, Esq.
Jeremy.kespohl@bromagenlaw.com
Bromagen & Rathet, P.A.
135 2nd Ave. N.
Suite 1
Jacksonville Beach, Florida 32250
Served via transmission of Notice of Electronic Filing generated by CM/ECF
***Counsel for Plaintiff Main Street America Group***

Brooks Rathet, Esq.
brooks.rathet@bromagenlaw.com
Bromagen & Rathet, P.A.
135 2nd Ave. N.
Suite 1
Jacksonville Beach, Florida 32250
Served via transmission of Notice of Electronic Filing generated by CM/ECF
***Counsel for Plaintiff Main Street America Group***

Richard S. Maselli, Esq.
rmaselli@ogdensullivan.com
Ogden, Sullivan & O'Connor, P.A.
113 South Armenia Ave.
Tampa, Florida 33609-3307
Served via transmission of Notice of Electronic Filing generated by CM/ECF
***Counsel for Defendants Panasonic Entities***

Timon V. Sullivan, Esq.
tsullivan@ogdensullivan.com
Ogden, Sullivan & O'Connor, P.A
113 South Armenia Ave.
Tampa, Florida 33609-3307
Served via transmission of Notice of Electronic Filing generated by CM/ECF
***Counsel for Defendants Panasonic Entities***

Scott A. Bassman, Esq.
scott.bassman@csklegal.com
Cole, Scott & Kissane, P.A.
Dadeland Center II
9150 S. Dadeland Boulevard, Suite 1400
Miami, Florida 33156
Served via transmission of Notice of Electronic Filing generated by CM/ECF
***Counsel for Defendant Dell Inc.***